IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN WILSON, | ) |
| | ) |
| Plaintiff, | ) 2:19-cv-1116-NR |
| | ) |
| vs. | ) |
| | ) |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM ORDER

Before the Court is Defendant Nationwide's motion for summary judgment. [ECF 16]. In its motion, Nationwide argues that Plaintiff Sean Wilson is bound by the "limited tort option" of his automobile insurance policy, and thus precluded from recovering the non-economic damages he seeks, because he did not suffer a "serious injury" within the meaning of 75 Pa. C. S. § 1705(d). After careful consideration, the Court will deny the motion. Specifically, the Court finds that there is a genuine dispute of material fact as to whether Mr. Wilson suffered a "serious injury," and so a jury must decide the issue.

The "limited tort alternative" authorized by 75 Pa. C. S. § 1705(d) provides, in relevant part:

> **(d) Limited tort alternative.** -- Each person who elects the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law. Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss, except that: [inapplicable exceptions omitted].

1

There is no dispute that Mr. Wilson elected this option when he purchased insurance coverage from Nationwide. [ECF 16-1, p. 49]. Nor is there any dispute that he is seeking non-economic damages in this case. [ECF 1]. The only question is whether the injury he sustained in the underlying accident "is a serious injury," 75 Pa. C. S. § 1705(d)—or, more precisely, whether a jury could decide that it is—such that the limited tort option would not bar recovery.

The term "serious injury" is defined by 75 Pa. C.S. § 1702 as "personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." *Furman v. Shapiro*, 721 A.2d 1125, 1126 (Pa. Super. Ct. 1998). The Pennsylvania Supreme Court has defined the broadest of these phrases—serious impairment of body function—with reference to two inquiries: (1) what body function, if any, was impaired, because of injuries sustained in a motor vehicle accident? and (2) was the impairment of the body function serious? *See Washington*, 719 A.2d at 740; *see also Furman*, 721 A.2d at 1126.

"The focus of these inquiries is not on the injuries themselves, but on how the injuries affected a particular body function." *Washington*, 719 A.2d at 740 (citation omitted). "In determining whether the impairment was serious, several factors should be considered: the extent of the impairment, the length of time the impairment lasted, the treatment required to correct the impairment, and any other relevant factors." *Id.* "An impairment need not be permanent to be serious." *Id.* "Generally, medical testimony will be needed to establish the existence, extent, and permanency of the impairment." *Id.*

The Court has reviewed all of the evidence submitted as part of the summary-judgment record, and specifically has reviewed both Mr. Wilson's own testimony and the report of his medical expert, Dr. Derek J. Thomas. This evidence reflects that Mr. Wilson "suffered an L1 compression fracture due to

the motor vehicle accident," [ECF 23-3, p. 2], which caused him "extreme pain" after he emerged from his vehicle. [ECF 23-4, pp. 32:20-33:6]. As a result of this injury, Mr. Wilson was transported to the emergency room via ambulance and wore a back brace for several months. [ECF 23-3, p. 1]. After the brace was removed, Mr. Wilson received regular physical therapy, as well as "trigger point injections" and "laser therapy" to ease his pain. [*Id.*].

At present, Mr. Wilson continues to experience chronic pain "every day" that "comes and goes" depending on what he is doing. [ECF 23-4, p. 56:3-8]. At home, Mr. Wilson's wife and stepson help him with certain tasks around the house like walking his dogs, cutting grass, and gardening, that he used to perform himself. [*Id.*, pp. 40:15-42:12, 44:10-45:7]. At work, Mr. Wilson was "given a standing desk … to alternate back and forth to help assist [him] with kind of stretching out and relieving some of the pain that [he] experience[s]." [*Id.*, p. 56:13-21]. Dr. Thomas opines that Mr. Wilson's "future treatment for this back injury is going to include occasional trigger point injections up to twice a year," "maintenance physical therapy, up to 12 visits per year," and "[c]ontinued doctor visits with pain management up to twice a year." [ECF 23-3, p. 3]. He further concludes that this treatment, and all the treatment Mr. Wilson has received to date, was "medically necessary." [*Id.*].

In sum, then, Mr. Wilson has presented competent evidence that he suffered a fracture which (1) necessitated significant medical treatment (*e.g.,* an emergency room visit, back brace, ongoing physical therapy); and (2) continues to cause him chronic pain that still impairs, at least to some extent, his ability to freely walk, stand, bend, and otherwise move (or sit) without pain many months after the accident. When viewed in the light most favorable to Mr. Wilson, as it must be, this evidence would allow a jury to decide that his injury was "serious." *Cf. Kelly v. Ziolko*, 734 A.2d 893, 900 (Pa. Super. Ct. 1999)

(dispute of fact existed where plaintiff was discharged from hospital after two hours with a neck collar and returned to work "only three days after the accident," but experienced chronic "dull, achy pain" pain in his neck, back, and knees; and reported that he had "trouble sleeping, cannot run, is unable to walk or sit for longer than 15 minutes, and finds it difficult to play with his child."); *see also Furman*, 721 A.2d at 1127; *Sanderson-Cruz v. United States*, 88 F. Supp. 2d 388, 394 (E.D. Pa. 2000).

Of course, that is not to say that a jury *must* conclude that Mr. Wilson's injury is "serious." Nationwide will be free to argue at trial, based on the facts detailed in its briefing, that Mr. Wilson's injury does not limit his body functions enough to escape application of the limited tort option. At this stage, however, genuine disputes of material fact exist, thereby precluding summary judgment.[1]

For these reasons, it is hereby **ORDERED** that Nationwide's motion for summary judgment [ECF 16] be **DENIED**. An appropriate Pre-Trial Order will be issued after the Post-Discovery Status Conference on August 18, 2020.

DATE: July 7, 2020               BY THE COURT:

                                 /s/ *J. Nicholas Ranjan*
                                 United States District Judge

---

[1] While this Court's decision is based on the familiar federal standard of Rule 56, the Court notes that Pennsylvania state courts have emphasized that, under their state-law standard, "the determination of whether serious injury exists should be made by the jury in all but the clearest of cases." *Furman*, 721 A.2d at 1126.